**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY BRUCE TAYLOR,<br><br>Defendant. | 1:14-MC-0055  AWI SKO<br>(1:03-CR-5161   AWI)<br><br>**ORDER ON DEFENDANT'S MOTION FOR RELEASE OF FUNDS AND PLAINTIFF'S CROSS-MOTION FOR INSTALLMENT PAYMENT ORDER**<br><br>Doc. #'s   13 (14mc0055)<br>             108, 110 & 116 (03cr5161) |

Defendant Timothy Bruce Taylor ("Defendant") was convicted by plea of guilty on May 11, 2004, to six counts of mail fraud and two counts of attempted income tax evasion. He was sentenced on August 30, 2004, to a term of 84 months imprisonment and ordered to pay restitution in the amount of $337,682.00. On August 20, 2014, plaintiff United States of America ("Plaintiff") filed an action for writ of garnishment against an account maintained by Defendant in Fresno County Federal Credit Union ("FCFCU") (Case Number 14mc0055). On October 2, 2014, the court received a communication that appears to be in the form of a brief memorandum or letter from Defendant requesting the court's intervention in the seizure of his bank account and his consequent inability to make payments to secure housing. The brief communication from Defendant requests that the court order the U.S. Attorney to release funds from Defendant's bank account and that the court order the U.S. Attorney to meet with

Defendant to negotiate a payment schedule for court-ordered restitution.  On October 9, 2014, the court issued an order setting further briefing schedule for both parties.  On October 23, 2014, Plaintiff filed an opposition to Defendant's motion for release of funds and cross-filed a Motion for Installment Payment Order (hereinafter, the "cross-Motion").  The matter was taken under submission as of December 4, 2014.  On December 10, 2014, Defendant filed what was construed to be a reply to Plaintiff's opposition to the motion to release of funds and an opposition to Plaintiff's cross-Motion.

**I. Defendant's Motion to Release Funds**

At the time Defendant filed the document requesting release of funds, the court deemed the filing to be a motion for purposes of ordering further briefing; thus, the court will refer to Document Number 108 in Case 03cr5161 as "Defendant's Motion."  Defendant's Motion consists of two short paragraphs explaining that he lives on $1,500 per month and that he relies on the funds contained in the garnished account for living expenses.  Plaintiff's Motion does not mention the garnishment action itself, nor does it reference the procedures or legal standards of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001, *et seq.* (hereinafter "Act").[1] Plaintiff opposes Defendants' on two grounds based on requirements set forth in the Act; first, Plaintiffs contend that Defendant's Motion is untimely and, second, Plaintiff contends Defendant has failed to state any legally cognizable basis to challenge the garnishment proceeding.

With regard to time limits, the Act provides that the owner of the account being garnished has the opportunity to file objection and request hearing within 20 days of service of the writ of garnishment, 28 U.S.C. § 3202(d) and has a second opportunity to oppose and request a hearing regarding the garnishee's (Fresno County Federal Credit Union's) answer to the writ within 20 days of the date of service of the answer.  28 U.S.C.§ 3205(c)(5).  Plaintiff's application for writ of garnishment was granted on August 22, 2014, and the "Writ" and

---

[1] Plaintiff's briefings refer to the Federal Debt Collection Procedures as the "FDCPA."  This is confusing as the same acronym is used commonly to denote the federal Fair Debt Collection Practices Act.  The court uses the term "ACT" to avoid this confusion.

accompanying instructions were served on Defendant on August 28, 2014. FCFCU's answer to the Writ was served on Defendant on September 25, 2014. Correspondingly, any opposition or request for hearing by Defendant should have been filed and served not later than September 15, 2014, with regard to the Writ of garnishment, or not later than October 16, with regard to the garnishee's answer to the writ.

As noted above, Defendant's first communication to the court was filed on October 2, 2014, was filed in the criminal proceeding and was filed approximately two weeks after the deadline for opposition to, or request for hearing on, the issuance of the Writ. Defendant's October 2, 2014, filing made no mention of the FCFCU's answer to the Writ that had been filed and served on September 25, 2014, and was construed simply as a motion for release of funds. The document that has been construed as Defendant's "Reply," Document Number 115, was filed on December 10, 2014, and was consequently filed well beyond the deadline for either opposition to the Writ or opposition to the garnishee's Answer.[2] The court finds that, to the extent Defendant filed any documents intended to oppose either the issuance of the Writ of garnishment or Fresno Federal Credit Union's answer thereto, those documents were not timely filed with regard to either the issuance of the Writ or the Answer and, in any event, failed to address the Answer at all.

With regard to legal bases to challenge the garnishment proceeding, the only arguments put forth by Defendant is that he would be placed in economic difficulty if he were to be denied access to the funds held in the garnished account and that Plaintiff had failed to respond constructively to his repeated requests for a payment schedule. As Plaintiff notes, the bases upon which a person subject to garnishment under the Act may object are limited to the arguments that the proceeding was in some way procedurally deficient or that the funds or

---

[2] The court notes that that Defendant's document of December 10, 2014, reflects that Defendant made a trip to court for a hearing that had been scheduled to occur on that date but had been taken off calendar when the court took the matter under submission on December 5, 2014. Since the Document that was filed by Defendant on October 2, 2014, did not request a hearing and did not reference the garnishee's answer to the Writ -- the only issue for which a hearing could have been requested -- the court finds there was no prejudice to Defendant as a result of the fact no hearing was held.

account being garnished are exempt under the Act.  See 28 U.S.C. § 3202(d) (setting forth grounds for objection).  Plaintiff has correctly observed that Defendant has failed to raise any basis for objection recognized by subsection 3202(d).  Plaintiff also correctly notes that neither economic distress nor the failure of the government to institute a payment schedule that is convenient for Defendant are cognizable grounds for relief from a garnishment action.  See Doc. # 110 at 4:11-14 (citing United States v. Mahar, 42 F.3d 1389 at *1 (6th Cir. 1994) and United States v. Lawrence, 538 F.Supp.2d 1188, 1194 (D.S.D. 2008) in support of the propositions set forth).

      To the extent that the court could otherwise look to principles of equity to excuse Defendant's failure to timely file objections or to adequately state any legal basis for relief, Defendant's failure to address Plaintiff's allegations that information provided by Defendant regarding his financial status was inaccurate and misleading counsels against the application of any equitable principles in Defendant's favor.  Plaintiff's allegations of Defendant's failure to be candid in providing personal financial information are the basis for Plaintiff's cross-motion to establish a payment schedule.  It is to that motion that the court now turns.

**II.  Plaintiff's Cross-Motion for Installment Payment Order**

      Plaintiffs seek an installment payment order pursuant to 28 U.S.C. § 3204.  Pursuant to that subsection, the court's authority to impose an installment payment order is triggered when either (1) a judgment debtor "is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or (2) [the judgment debtor] is diverting or concealing substantial earnings from any source, or property received in lieu of earnings." 28 U.S.C. §§ 3204(a) (1 and 2).  Plaintiffs contend the second condition applies inasmuch as Defendant has been found to have rental income and income from Veterans Administration benefits and funds in bank accounts that were not disclosed in Defendant's first financial statement, which appears to be dated February 18, 2014.  As Plaintiff shows through attached financial documents, the disclosure document of February 18 shows Defendant listed his sole income as $950 per month from "all other income."  However, a car loan application

dated July 19, 2013, lists a monthly income of $4,670.00.  A later financial statement completed for the U.S. Attorney's office on or about September 5, 2014, indicates a total monthly income of $1,540.00 per month and lists additional savings account and property assets.  Plaintiff alleges it was later discovered that Plaintiff has Veterans Administration income of $2,858 per month that were never disclosed by Defendant.

The court notes that Defendant has filed no opposition to Plaintiff's listing of income or assets that were previously concealed, nor does Defendant claim any exemption with regard to the additional listed income or assets.  Plaintiff notes that there is some question as to whether Defendant's VA benefits would be subject to exemption depending on how the payments are made.  Plaintiff has determined, and Defendant has offered no dispute, that Defendant's financial condition as determined by Plaintiff justifies an installment payment order in the amount of between $750 and $1,000 per month.  The court has no information before it to indicate that Plaintiff's contentions are in any way inaccurate or that Plaintiffs cross-motion should not be granted.  Plaintiff's cross-motion for order of installment payment will therefore be granted.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that Defendant's motions to release funds, Documents Numbered 108 and 116 in Case Number 03cr5161, are each DENIED.  Plaintiff's cross-motion for Order for Installment Payment, Document Number 13 in Case Number 14mc0055, is hereby GRANTED.  If an order of the court in a particular form is required to accomplish the establishment of the requested installment payments, Plaintiff shall file and serve a proposed order in the necessary form not later than fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   January 8, 2015                                 _____
                                                                              SENIOR  DISTRICT  JUDGE